IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Michelle Wright,** | Case No. 5:23cv02046 |
| **Plaintiff,** | |
| -vs- | JUDGE PAMELA A. BARKER |
| **Judge Linda Tucci Teodosio, et al.,** | MEMORANDUM OPINION AND ORDER |
| **Defendants.** | |

*Pro se* plaintiff Michelle Wright filed this *in forma pauperis* action against 76 defendants (Doc. No. 1). For the following reasons, the Court dismisses this action.

## I. Background

On October 18, 2023, Plaintiff filed a complaint against numerous defendants consisting of a disjointed narrative of events that allegedly occurred in Summit County from 2020 through 2023. As best the Court can discern, Plaintiff's complaint stems from a Juvenile Court case involving Plaintiff's children. Plaintiff appears to allege that all defendants have engaged in misconduct in connection with her Juvenile Court case.

Plaintiff's allegations include the following: numerous defendants have "teamed up to illegally, privately prosecute [her] with crimes [she] has not committed"; there has been a "systematic failure to majority of the community to where most children don't want to attend or are acting out"; special needs children are kidnapped by the "CPS" and Akron's Sheriff's Department; the judges do not have her best interest and therefore should be "recused."; the magistrates "allowed Akron police officer to follow stuck in harass me on numerous occasions"; the magistrate's decisions have been biased; Plaintiff has not been permitted to "get her children

back"; Defendants have targeted Plaintiff's children's social security benefits; the hospital tried to "take my son during an emergency" and called security to remove Plaintiff; Defendants forged documents "to steal my kids" and Judge Teodosio "has targeted generations of my family members"; Defendants have acted in a malicious manner "to violate and intentionally show inhumane nature to out further interactions"; Angela Sellers "kept giving my children things and I asked her not to because I couldn't give them anything"; Plaintiff has been bullied by government workers; and the juvenile justice center antagonizes the community and "violate their civil rights." (Doc. No. 1-1 at 1-7).

Plaintiff attaches to her complaint a list of various federal statutes. (*Id.* at 8; Doc. No. 1-2; Doc. No. 1-3). And in her request for relief, she seeks monetary relief, and she asks this Court to review her state court case. (Doc. No. 1-1 at 7). She also requests the return of her children. (Doc. No. 1 at 26).

## II. Standard of Review

Plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Court grants that application. Accordingly, because Plaintiff is proceeding *in forma pauperis*, her complaint is before the Court for initial screening under 28 U.S.C. § 1915(e)(2).

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The Court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised

on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. Law and Analysis

Plaintiff's claims in this case are so tenuous that they fail to establish a plausible basis for this Court's subject matter jurisdiction. Federal courts are courts of limited jurisdiction, and unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Rather, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994) (internal citation omitted).

Generally, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the plaintiff must establish that he or she is a citizen of one state and all the defendants are citizens of other states. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). The second type of federal jurisdiction relies on the presence of a federal question. *See* 28 U.S.C. § 1331. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983).

Diversity of citizenship is not present in this case because all the parties are from Ohio. If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. In determining whether a claim arises under federal law, the Court looks only to the "well-pleaded allegations of the complaint and ignores potential defenses" the defendants may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007).

To invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, a plaintiff must allege facts showing the cause of action involves an issue of federal law. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987). While Plaintiff attaches a list of federal statutes, she fails to connect these statutes to any defendant. And the complaint is

devoid of any factual allegations that would give rise to any federal statutory or constitutional provisions sufficient to invoke the Court's jurisdiction under Section 1331.

Generously construing the complaint, the only federal claim that is arguably applicable to this case is Plaintiff's purported assertions of a civil rights violation under 42 U.S.C. § 1983. Although this claim would provide federal jurisdiction, Plaintiff's complaint fails to state a claim on which relief may be granted. The complaint does not include allegations specifying the actions each individual defendant took that she asserts violated her constitutional rights under Section 1983. Rather, the complaint contains only vague, general allegations of alleged misconduct. Plaintiff cannot establish the individual liability of any defendant absent a clear showing that the defendant was personally involved in the activities that form the basis of her claims. *Rizzo v. Goode*, 423 U.S. 362, 371, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 U.S. App. LEXIS 36082, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under Section 1983. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004); *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of complaint that did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of federal rights).

Furthermore, even if Plaintiff had sufficiently established a federal claim to support federal jurisdiction, this Court cannot grant the relief she seeks. A federal court must abstain from interfering with pending state court proceedings involving important state interests absent extraordinary circumstances that are not present here. *See Younger v. Harris*, 401 U.S. 37, 44-45, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). When a person is the subject of an ongoing state action

involving important state matters, she cannot interfere with the pending state action by maintaining a parallel federal suit involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir.1988). If the state defendant files such a case, the *Younger* abstention requires the federal court to defer to the state proceeding. *Id.*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987).

Abstention is therefore appropriate where: (1) state proceedings are ongoing, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford the plaintiff with an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982*); Leveye v. Metro. Pub. Def. Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (citing *Younger*, 401 U.S. at 43-45). Concerning the final factor, the plaintiff bears the burden of demonstrating that state procedural law bars presentation of his or her claims. *Pennzoil Co.*, 481 U.S. at 14. When a plaintiff has not attempted to present his or her federal claims in the state court proceedings, the federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Pennzoil*, 481 U.S. at 15.

Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

Here, it appears that Plaintiff's Juvenile Court case is still pending. Plaintiff is asking this Court to interfere with her Juvenile Court case and return Plaintiff's children to her. Therefore, all three factors supporting abstention are present. The State of Ohio has an important interest in enforcing its laws regarding domestic and child custody matters. *See Butterfield v. Steiner*, No. C2-01-1224, 2002 U.S. Dist. LEXIS 19057, 2002 WL 31159304, at *6 (S.D. Ohio Sept. 5, 2002)

("Federal courts have consistently recognized that matters relating to domestic relations cases and child custody disputes implicate important state interests[.]") (citing *Moore v. Sims*, 442 U.S. 415, 99 S. Ct. 2371, 60 L. Ed. 2d 994 (1979)). And there has been no showing that the claims asserted by Plaintiff in this federal action are barred in the state action. A contrary ruling by this Court would unduly interfere with state court proceedings. Therefore, even assuming a properly asserted federal claim, this Court must abstain from interfering in the pending state action.

### IV. Conclusion

Accordingly, the Court grants Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) and dismisses this action pursuant to 28 U.S.C. § 1915(e)(2). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

PAMELA A. BARKER
U. S. DISTRICT JUDGE

Date:  February 12, 2024